IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM SALLIE, #484-480 | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-16-2549 |
| RICHARD D. DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

# MEMORANDUM

William Sallie, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF 1 and ECF 5 (Supplemental Petition) (collectively, the "Petition"). He attacks his 1972 conviction in the Circuit Court for Harford County for rape, assault with intent to rape, and assault and battery. Sallie also submitted exhibits in support of the Petition. The Warden of the Roxbury Correctional Institution and the Maryland Attorney General (collectively, the "State") have responded and offered a single exhibit, the docket sheet outlining proceedings relating to Sallie's criminal case. *See* ECF 8 and ECF 8-1. Sallie has replied. ECF 10. After reviewing the petition, answer and reply, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For the reasons set forth below, the Petition shall be denied and a certificate of appealability shall not issue.

### I. Factual and Procedural History

A.   State Proceedings

Sallie was charged in the Circuit Court for Harford County with rape and related offenses. He elected to be tried by a judge, and was convicted on January 14, 1972.

On March 2, 1972, Sallie was sentenced to life imprisonment. ECF 8-1 at 4.[1] Judgment was affirmed on appeal. ECF 8-1 at 7. After completing direct appeal of his conviction, Sallie sought collateral review, filing several petitions for post-conviction relief. Each was denied. ECF 8-1 at 7-8, docket entries for March 8 and March 15, 2074, July 9, 1975, June 16, 1976, January 28, 1977, April 26, 1977, Sept. 7, 1983, and Dec. 7, 1983. The Maryland Court of Special Appeals affirmed the denial of a motion filed on April 6, 2015, seeking to reopen post-conviction proceedings. ECF 8-1 at 2, 9.

B.   Federal Proceedings

In his petition, Sallie asserts that the trial judge failed to comply with Maryland Rule 4-246(b).[2] He also asserts that counsel provided ineffective assistance by allowing the case to proceed before a judge, rather than explaining what a trial by a jury entailed and by failing to file a motion *in limine* to suppress direct testimony concerning a "wet look" jacket described by the victim. ECF 1-1 at 1-4. He also notes a "rape kit" was not done. ECF 10 at 5.[3] Sallie complains that his sentence restricts his ability to obtain parole (ECF 10 at 1), and states that his was a

---

[1] This opinion references the pagination as it appears through the court's electronic docketing system.

[2] This rule provides a procedure by which a defendant may waive the right to trial by jury, and requires the trial court to assess whether the defendant's waiver is made knowingly and voluntarily.

[3] Sallie was convicted in 1972. The forensic use of DNA evidence began in England in 1986, and was first used in a criminal court in the United States in 1987. *See Andrews v. State*, 533 So. 2d 841 (Fla. Dist. Ct. App. 1988). *See* http://www.forensicmag.com/article/2005/01/evolution-dna-evidence-crime-solving-judicial-and-legislative-history.

"capital case where the only evidence used to sustain this conviction was unsupported," with "unreliable witness testimony." *Id.* at 3-5.[4]

In a limited answer to the petition, the State asserts that the merits of Sallie's claims cannot be examined because the Petition is untimely, pursuant to 28 U.S.C. § 2244(d), and Sallie has provided no basis for applying the doctrine of equitable tolling. ECF 8 at 3-4.

In reply, Sallie argues that his limited knowledge of the law is sufficient to invoke the doctrine. He further contends that the interest of justice mandates federal review, because his sentence violates the Eighth Amendment. ECF 10 at 1-2.[5]

## II. Applicable Statutory Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S. C. § 2254. The one-year period that applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or, if no appeal is taken, upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A)[6]; *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011).

---

[4] Maryland was among the jurisdictions that permitted capital sentencing in rape cases. That sentencing scheme was abolished in 1972. *See Furman v. Georgia,* 408 U.S. 238 (1972); *Johnson v. Warden,* 16 Md. App. 227 (1972). Sallie was sentenced to life.

[5] Were this allegation to be considered on the merits, it would be more appropriately analyzed under the Sixth Amendment.

[6] This section provides:

Petitioners whose conviction were finalized before April 24, 1996, had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998); *Hernandez v. Caldwell,* 225 F.3d 435, 438-39 (4th Cir. 2000) (one-year period expired on April 24, 1997). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. Discussion

Here, the limitations period began to run on April 24, 1996, the date on which AEDPA was enacted, and expired one year later, on April 24, 1997. Between April 24, 1997 and March 11, 2002, when Sallie filed an unspecified "motion" in the Circuit Court (*see* ECF 8-1 at 9, Opinion of June 4, 2007 (Plitt, J.), denying relief), there were no proceedings in State court that would serve to toll the limitations period of 28 U.S.C. § 2244(d). Sallie presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Sallie must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance).

To the extent the delay might be attributed to Sallie's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Sallie has failed to satisfy his burden to demonstrate that equitable tolling is warranted. His claims for habeas corpus relief are time-barred.

## IV. Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Sallie does not satisfy this standard. Therefore, the court declines to issue a certificate of appealability.[7]

## V. Conclusion

The Petition for habeas corpus relief will be denied. An Order follows.

October 17, 2016  _____/s/_____
Date  Ellen L. Hollander
United States District Judge

---

[7] Denial of a Certificate of Appealability in the district court does not preclude Sallie from requesting a Certificate of Appealability from the appellate court.